IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VERTICAL HOLDINGS, LLC, <br> VANGUARD FINANCIAL TRUST, <br><br> Plaintiffs, <br><br> v. <br><br> LOCATORX, INC., <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 3:20-CV-2770-N |

**MEMORANDUM OPINION AND ORDER**

This Order addresses Defendant LocatorX, Inc.'s ("LocatorX") motion to dismiss or stay [5]. For the following reasons, the Court grants LocatorX's motion and dismisses this case.

**I. ORIGINS OF THE DISPUTE**

LocatorX is a business that provides integrated tracking, validation, and security platform services to businesses and other entities. In 2017, LocatorX made a "bridge offering" of securities designed to raise capital until LocatorX could make an initial public offering under federal securities law. The "bridge offering" took the form of the sale of preferred stock, designated as Series C and marketed only to "accredited investors" with significant financial assets and investment experience. Vertical Holdings, LLC ("Vertical") and Vanguard Financial Trust's ("Vanguard") (collectively, "Plaintiffs") purchased these preferred shares pursuant to nearly identical written Subscription Agreements (the "Agreement"). In return for $600,000, Locator X issued 200,000 shares

of preferred stock each to Vertical and Vanguard. The Agreement contained a "Royalty Option." Plaintiffs attempted to exercise the Royalty Option, but LocatorX took the position that no royalty exists and subsequently refunded Plaintiffs' payments.

On March 13, 2020, Vertical initiated a state court action against LocatorX seeking a declaratory judgment concerning its rights under the Agreement with LocatorX, along with claims for breach of contract and attorneys' fees. Vanguard joined the case as an additional plaintiff. LocatorX then filed its counterclaims against Vertical for breach of contract with respect to the Agreement, common law fraudulent inducement, statutory fraud, and attorneys' fees. The state court litigation resulted in significant motions practice, including motions still pending in the state court. The state court conducted hearings on the parties' cross motions for summary judgment on Plaintiffs' claims for declaratory judgment, breach of contract, and attorneys' fees.

Shortly after the conclusion of the state court hearings, Plaintiffs nonsuited their claims and filed suit in this Court. After Plaintiffs' nonsuited the state court action, LocatorX amended its state court counterclaims to include a counterclaim for declaratory judgment, mirroring Plaintiffs' previous claim. LocatorX then filed this motion, asking this Court to dismiss or stay the federal court litigation. While this motion was pending, the state court granted LocatorX's cross motion for summary judgment on Plaintiffs' claims for declaratory judgment and denied Plaintiffs' motion to dismiss LocatorX's

counterclaim for declaratory judgment.[1] LocatorX has also filed motions to stay discovery and to quash subpoenas in this Court, but the federal action has not otherwise progressed.

## II. Legal Standard for Abstention

Under certain circumstances, a district court may decline to exercise or postpone the exercise of jurisdiction in deference to parallel litigation pending in a state court. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 13–16 (1983). "Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colo. River*, 424 U.S. at 813. District courts must point to "exceptional circumstances" to justify staying or dismissing federal proceedings. *See Moses H. Cone*, 460 U.S. at 2. Discretion to abstain or stay a case under the *Colorado River* doctrine is available only where the state and federal proceedings are parallel. *See Am. Guarantee & Liab. Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 251 (5th Cir. 2005).

The Supreme Court has not prescribed a hard and fast rule governing the appropriateness of *Colorado River* abstention, but it has set forth sixth factors that this Court should consider:

> (1) assumption by either court of jurisdiction over a res; (2) the relative inconvenience of the forums; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether and to what extent federal law provides the rules of decision on the merits; and (6) the adequacy of the state court proceedings in protecting the rights of the party invoking federal jurisdiction.

---

[1] LocatorX filed a motion for leave to file omnibus supplemental brief in support of its motion to dismiss or stay [22], [23]. The Court grants the motion for leave. The motion informed the Court of the recent state court orders.

MEMORANDUM OPINION AND ORDER – PAGE 3

*Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000). None of these factors is determinative. Rather, courts apply "a careful balancing of the important factors . . . as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16.

### III.  THE COURT GRANTS LOCATORX'S MOTION

Parallelism, for purposes of a *Colorado River* analysis, means that substantially the same parties are litigating substantially the same issues. *See FinsServ Cas. Corp. v. Settlement Funding, LLC*, 724 F. Supp. 2d 662, 679 (S.D. Tex. 2010) (citing *Tyrer v. City of S. Beloit, Ill.*, 456 F.3d 744, 752 (7th Cir. 2006)). "[T]here need not be applied in every instance a mincing insistence on precise identity" of the same parties and same issues. *RepublicBank Dallas Nat. Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987).

The Court determines that the state court litigation and this suit are parallel. The parties are identical in both suits. Prior to Plaintiffs' nonsuit, Plaintiffs' claims consisted of a declaratory judgment claim, breach of contract claim, and a request for attorneys' fees. Plaintiffs' federal court suit consists of identical claims. Defendant's counterclaims in both cases consist of a breach of contract claim, common law fraudulent inducement claim statutory fraud claim, a declaratory judgment claim, and a request for attorneys' fees.

Plaintiffs argue that their state law nonsuit defeats the parallel nature of the proceedings because the declaratory judgment claim cannot proceed in state court. The Court disagrees. First, the state court has recently issued orders precisely on the issues which are before this Court, namely the Plaintiffs' declaratory judgment claim and the Defendant's declaratory judgment counterclaim. Second, Plaintiffs' nonsuit did not

MEMORANDUM OPINION AND ORDER – PAGE 4

terminate the state court action, as LocatorX had earlier counterclaims pending in the state court.

Having determined that the state and federal court proceedings are parallel, the Court turns to the *Colorado River* factors. Here, the Court determines that the *Colorado River* factors favor abstention. The Court addresses each factor in turn.

**1. *The Courts Have Not Exercised Jurisdiction Over a Res.*—** There is no exercise of jurisdiction over a res in this case. Accordingly, this factor weighs against abstention. *See Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 493 (5th Cir. 2006).

**2. *The Forums Are Not Relatively Inconvenient.*—** The relative convenience of the forums "primarily involves the physical proximity of the federal forum to the evidence and witnesses." *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1191 (5th Cir. 1988). The federal and state forums are located in the same city, so there is no relative inconvenience. Accordingly, this factor weighs against abstention. *See Black Sea*, 204 F.3d at 650.

**3. *Abstention is Required to Avoid Piecemeal Litigation.*—** "The real concern at the heart of the third *Colorado River* factor is the avoidance of *piecemeal* litigation, and the concomitant danger of inconsistent rulings with respect to a piece of property." *Black Sea,* 204 F.3d at 650–51. Here, the Court must be cautious in confusing piecemeal litigation with duplicative litigation. *See Saucier v. Aviva Life and Annuity Co.*, 701 F.3d 458, 464 (5th Cir. 2012). If "the state court action is able to resolve all of the claims involved in a dispute with respect to all of the parties involved while the federal court action is able to resolve the dispute only partially," the third factor weighs in favor of abstention.

MEMORANDUM OPINION AND ORDER – PAGE 5

*Saucier*, 701 F.3d at 464. Here, the state and federal court litigation are substantially identical. Either the state or federal court can resolve all claims as to all parties. This duplicative litigation, though wasteful, is not a factor to be considered under *Colorado River*. *Black Sea*, 204 F.3d at 650–51. Thus, this factor weighs in favor of retaining federal jurisdiction.

***4. The State Court Obtained Jurisdiction First.—*** Plaintiffs claim that this Court had jurisdiction over the declaratory judgment claim first because Plaintiffs properly nonsuited the state court claim. The Court disagrees. The inquiry under the fourth factor is "how much progress has been made in the two actions." *Stewart*, 438 F.3d at 492. The federal action has not proceeded past the filing of the complaint. While LocatorX has filed various discovery motions, the Court has yet to address them. Conversely, the parties had already undergone discovery, dispositive motions practice, and oral argument in the state court litigation during the six months prior to the filing of the federal action. Moreover, the state court has already issued orders granting LocatorX's cross motion for summary judgment on Plaintiffs' declaratory judgment claim and denying Plaintiffs' motion to dismiss LocatorX's declaratory judgment claim.

Plaintiffs argue that LocatorX did not bring a declaratory judgment counterclaim before the state court until September 18, 2020, while their declaratory judgment claim was brought before this Court on September 3, 2020. Ignoring the fact that these unusual circumstances would not exist but for Plaintiffs' "nonsuit and refile" tactics, Plaintiffs essentially argue that their nonsuit of their state law claims wipes any progress made in the state court action. Plaintiffs cite Texas law stating that "[w]hen a party nonsuits a legal

MEMORANDUM OPINION AND ORDER – PAGE 6

action, the parties are put back in the same positions as before the filing of the suit." *Hagberg v. City of Pasadena*, 224 S.W.3d 477, 484 (Tex. App.—Houston [1st Dist.] 2007, no pet.).  However, Defendants had counterclaims pending in state court before the filing of the federal action, and the state court never fully dismissed the action.  As such, the state court has continued progressing on the relevant issues and has recently issued orders addressing LocatorX's declaratory judgment counterclaim.  Moreover, the relevant inquiry here is not a mincing insistence on the precise identity and timeline of each separate claim, but an inquiry into "how much progress has been made in the two *actions*." *Stewart*, 438 F.3d at 492 (emphasis added).

The state court action was filed six months before the federal court action.  The parties conducted discovery, filed dispositive motions, and argued multiple times before the state court.  The state court has issued orders on the merits of the case and has undoubtedly progressed further than this Court, which has ruled only on this motion.  Given the progress of the state court, this factor strongly favors abstention.

**5. *Federal Law Does Not Provide the Rules of Decision.*—** Federal law does not provide the rules of decision here.  Accordingly, this factor is neutral.

**6. *The State Proceedings Are Adequate to Protect the Parties' Rights.*—** "The sixth factor, evaluating the adequacy of state proceedings to protect the rights of the party invoking federal jurisdiction, can only be neutral or weigh against abstention." *Aptim Co.*, 888 F.3d at 139 (citing *Stewart*, 438 F.3d at 493).  The Court sees no reason to doubt the state court's ability to determine the legal questions at issue.  Accordingly, this factor is neutral.

MEMORANDUM OPINION AND ORDER – PAGE 7

Considering all the relevant factors and looking at the totality of the circumstances, the Court determines that the *Colorado River* factors weigh in favor of abstention. First, the Court notes that "it is unusual in our abstention jurisprudence to confront a case in which the same side filed both the state and federal actions . . . ." *Aptim Co. v. McCall*, 888 F.3d 129, 137 (5th Cir. 2018). Furthermore, the Supreme Court noted that allowing "vexatious or reactive" conduct by a litigant to "influence the decision whether to defer to a parallel state litigation under *Colorado River* . . . has considerable merit." *Moses H. Cone*, 460 U.S. at 17 n.20. Here, Plaintiffs selected the state court forum, litigated their claims for six months, including discovery, motions practice, and hearings, up to the point where the state court told the parties that rulings on pending motions would be forthcoming. Then, Plaintiffs abruptly nonsuited their claims and filed the exact same claims in this Court. LocatorX argues that these actions constitute forum shopping of the highest order and is precisely the "vexatious or reactive" conduct contemplated in *Moses H. Cone*. The Court agrees. Judicial efficiency is not well served when litigants take their issues to state court, engage in lengthy motions practice, participate in hearings, only to nonsuit their claims for the purpose of relitigating in a federal forum.

## CONCLUSION

Because the Court determines that the state and federal actions are parallel and the *Colorado River* factors favor abstention, the Court grants LocatorX's motion. Accordingly, the Court dismisses this case without prejudice.

Signed January 27, 2021.

_____
David C. Godbey
United States District Judge